UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PAUL SWISHER, | Case No. 2:15-cv-01138-MMD-GWF |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| LISA COLOGNA, *et al.*, | |
| Defendants. | |

On August 29, 2016, Plaintiff was directed to show cause why the Court should not dismiss this action for Plaintiff's failure to comply with the Courts Order to notify the Court of whether he intends to retain new counsel to represent him and to comply with LR IA 3-1 by notifying the Court of any change of address. Plaintiff was given until September 22, 2016, to respond to the order. (ECF No. 84.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v.*

*U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order expressly stated: "Failure to respond will result in dismissal of this action." (ECF No. 84.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to comply with the Courts Order to show cause why the Court should not dismiss the action for Plaintiff's failure to notify the Court of whether he intends to retain new counsel to represent him and to comply with LR IA 3-1 by notifying the Court of any change of address.

1. It is further ordered that all pending motions are denied as moot.
2. The Clerk is directed to close this case.
3. DATED THIS 27th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE